IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, <br><br> Defendant, and <br><br> STATE OF UTAH, SEVIER COUNTY, and PIUTE COUNTY <br><br> Intervenor-Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE** <br><br><br> Case No. 4:19-cv-00097-DN-PK <br><br> District Judge David Nuffer |

This case involves challenges (made under the Federal Land Policy and Management Act of 1976, the Administrative Procedure Act, the National Environmental Policy Act, the Organic Act of 1897, and the Forest Transfer Act of 1905) to Defendant United States Forest Service's ("USFS") issuance of temporary grazing permits and annual operating instructions for the Kingston, Forshea, and Manning Creek grazing allotments on Monroe Mountain ("the Allotments").[1] The State of Utah ("State") and Sevier and Piute Counties ("Counties") seek to intervene as party defendants.[2] They seek to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively pursuant to Rule 24(b).[3]

---

[1] First Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint") ¶¶ 218–309 at 56–75, docket no. 20, filed June 5, 2020.

[2] Proposed Intervenor-Defendants' Motion to Intervene and Memorandum in Support ("Motion to Intervene"), docket no. 30, Oct. 9, 2020.

[3] *Id*. at 2–3.

Plaintiff Western Watershed Project ("Western Watershed") opposes the State and Counties' intervention.[4] USFS takes no position on the State and Counties' intervention.[5]

Because the State and Counties timely sought intervention and have protectable interests in the litigation that may be impaired, which interests are not adequately represented, the Intervenor Parties' Motion to Intervene is GRANTED.

## DISCUSSION

The Tenth Circuit has "historically taken a liberal approach to intervention and thus favors the granting of motions to intervene."[6] A non-party may intervene in a pending action as of right if: (1) the non-party timely seeks intervention; (2) the non-party asserts an interest relating to the property or transaction which is the subject of the case; (3) the non-party's interest may as a practical matter be impaired or impeded; and (4) the non-party's interest is not adequately represented by the existing parties.[7] The State and Counties meet each element.

### I.       The State and Counties seek timely intervention

"The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the [non-party] knew of [its] interest in the case, prejudice to the existing parties, prejudice to the [non-party], and the existence of any unusual circumstances.'"[8] "The analysis is contextual; absolute measures of timeliness should be

---

[4] Plaintiff's Opposition to Proposed Intervenors' Motion to Intervene ("Response"), docket no. 31, filed Oct. 23, 2020.

[5] Motion to Intervene at 16.

[6] *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (internal quotation marks omitted).

[7] *Id*.; FED. R. CIV. P. 24(a).

[8] *Utah Ass'n of Counties. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)).

ignored."[9] "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to [seek intervention] sooner."[10]

The State and Counties filed their Motion to Intervene on October 9, 2020,[11] approximately four months after Western Watershed filed the amended complaint.[12] This will cause no delay of consequence. No scheduling order has been entered because a partial motion to dismiss is pending.[13] The case remains in its early procedural stages, and the State and Counties' intervention will not necessitate any changes in deadlines. The existing parties are not likely to suffer any prejudice by the State and Counties' intervention. But if the Intervenor Parties are not permitted to intervene, they will suffer prejudice because they will be unable to advocate for their interests in the litigation. Therefore, the State and Counties' Motion to Intervene is timely under the circumstances.

**II.     The State and Counties have protectable interests in the litigation that may be impaired**

The interest element of intervention is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[14] "The [non-party's] claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before

---

[9] *Id.* (internal quotations omitted).

[10] *Id.* (internal quotations omitted).

[11] Motion to Intervene.

[12] Amended Complaint.

[13] Motion for Partial Dismissal of Plaintiffs' Amended Complaint, docket no. 24, filed Jul. 10, 2020; *see* DUCivR 7-4 which provides the scheduling procedure for actions seeking judicial review of administrative agency decisions.

[14] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010), (quoting *San Juan County v. United States,* 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc)).

the district court."[15] "[T]he interest must be 'direct, substantial, and legally protectable.'"[16] And "[a] protectable interest is one that would be [impaired] by the disposition of the action."[17] This "presents a minimal burden" where the non-party "must show only that impairment of its substantial legal interest is possible if intervention is denied."[18] "[T]he question of impairment is not separate from the question of existence of an interest."[19]

The State and Counties assert sovereign interests in this litigation through the management of public lands, natural resources, recreational opportunities, and tax revenues associated with the land in question.[20] Generally, the State and Counties assert an economic interest in livestock grazing on these lands, which provides direct and indirect contributions to both the State and Counties and to their local governments' revenues.[21] Specifically, the State and Counties assert an interest in the range infrastructure and related projects they have funded on the Allotments.[22] Additionally, the State asserts an interest in the use, management, and health of the lands within its borders[23]—namely, its codified interest in the effective management of livestock and the management of wildlife on lands within its borders to protect

---

[15] *Id.*

[16] *Utah Ass'n of Counties*, 255 F.3d at 1251 (quoting *Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)).

[17] *W. Energy All.*, 877 F.3d at 1165 (quoting *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1203 (10th Cir. 2007) (en banc), abrogated on other grounds by *Hollingsworth v. Perry*, 570 U.S. 693 (2013)).

[18] *WildEarth Guardians*, 604 F.3d at 1199 (10th Cir. 2010) (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009)).

[19] *Utah Ass'n of Counties*, 255 F.3d at 1253 (quoting *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)).

[20] Motion to Intervene at 6.

[21] *Id.* at 8.

[22] *Id.* at 12–13.

[23] *Id.* at 7.

the environment, the custom and culture, and the productivity of its agricultural industry.[24] The State further asserts a real property interest because the land in question is used for the benefit of Utah's publicly-funded, state-managed school system, including both grades K–12 and certain publicly-funded higher education institutions.[25] Furthermore, the Counties assert an interest in protecting and preserving the livelihoods, cultural heritage, and pioneer traditions of ranchers, including the permittees, who live and operate in Piute and Sevier Counties.[26]

These interests are substantial and directly related to livestock grazing, trailing decisions, and management at the Allotments that Western Watershed challenges in this case.[27] Additionally, if Western Watershed obtained the relief it requests in its challenges, the USFS would return to the administrative decision-making process. Such a result is sufficient to impair the State and Counties' interests for the purpose of intervention:

> [T]he interest[s] of a prospective defendant-intervenor may be impaired where a decision in the plaintiff's favor would return the issue to the administrative decision-making process, notwithstanding the prospective intervenor's ability to participate in formulating any revised rule or plan. The mere availability of alternative forums is not sufficient to justify denial of a motion to intervene because at most, participating in a new proceeding would not provide the level of protection to the intervenors' interests that the current plan offers.[28]

Therefore, the State and Counties have protectable interests in the litigation that may be impaired.

---

[24] *Id*. at 7–8 (citing Utah Code Ann. § 63J-8-105.8(1) (establishing Utah Grazing Agricultural Commodity Zones in Beaver, Emery, Garfield, Kane, Piute, Iron, Sanpete, San Juan, Sevier, Washington, and Wayne counties)).

[25] *Id*. at 11 (citing Utah Code Ann. § 53C-1-102(1) (establishing "an administration and board to manage lands that Congress granted to the state for the support of common schools and other beneficiary institutions").

[26] Motion to Intervene at 13.

[27] Amended Complaint ¶¶ 218–309 at 56–75.

[28] *WildEarth Guardians*, 604 F.3d at 1199 (quoting *Utah Ass'n of Ctys*. 255 F.3d at 1254); *see also W. Energy All.*, 877 F.3d at 1167.

### III. The State and Counties' interests are not adequately represented by the existing parties

"Although [a non-party seeking] intervention as of right bears the burden of showing inadequate representation, that burden is the minimal one of showing that representation may be inadequate."[29] "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied."[30] "The possibility that the interests of the [non-party] and the parties may diverge 'need not be great' in order to satisfy this minimal burden."[31] "The movant must show only the *possibility* that representation may be inadequate."[32]

In the Tenth Circuit, "a presumption of adequate representation arises when [a non-party seeking] intervention and an existing party have the same ultimate objective in the litigation."[33] However, USFS, in this case, is a federal agency,[34] which "must represent the public interest."[35] "In litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor."[36] And "it is not realistic to assume that the [federal government's] programs will remain static or unaffected by unanticipated policy shifts."[37] Therefore, the "presumption [is]

---

[29] *Utah Ass'n of Counties*, 255 F.3d at 1254 (quoting *Sanguine*, 736 F.2d at 1419).

[30] *Id.* at 1253 (quoting *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999)).

[31] *Id.* (quoting *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978)).

[32] *WildEarth Guardians*, 604 F.3d at 1200 (emphasis added).

[33] *Utah Ass'n of Ctys.*, 255 F.3d at 1255.

[34] Amended Complaint ¶ 29 at 10.

[35] *Utah Ass'n of Counties*, 255 F.3d at 1255 (quoting *Coal. of Arizona/New Mexico Ctys.*, 100 F.3d at 845).

[36] *Id.* at 1256.

[37] *Id.* (quoting *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 974 (3d Cir. 1998)).

rebutted by the fact that the public interest the government is obligated to represent may differ from the would-be intervenor's particular interest."[38]

While USFS and the State and Counties have the same overarching objective in the litigation, i.e., the dismissal of Western Watershed's claims, the public interests they represent are not the same. USFS's interests on a federal level may be broader than the State and Counties' more local public interests. And a possibility exists that these interests may diverge. Therefore, the State and Counties' interests are not adequately represented by the existing parties.

## ORDER

Consequently, because the State and Counties timely sought intervention and have protectable interests in the litigation that may be impaired, which are not adequately represented, the Motion to Intervene is GRANTED.

IT IS HEREBY ORDERED that the Motion to Intervene is GRANTED. When a Scheduling Order is entered, all relevant deadlines for USFS shall apply to the State and Counties.

Signed March 28, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[38] *Id.* at 1255.