THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE,<br><br>Defendant, and<br><br>STATE OF UTAH, SEVIER COUNTY, and PIUTE COUNTY,<br><br>Intervenor-Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [24] MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT**<br><br>Case No. 4:19-cv-00097-DN-PK<br><br>District Judge David Nuffer |

This action involves challenges (made under the Federal Land Policy and Management Act of 1976, the Administrative Procedure Act ("APA"), the National Environmental Policy Act, the Organic Act of 1897, and the Forest Transfer Act of 1905) to Defendant United States Forest Service's ("USFS") issuance of temporary grazing permits for three grazing allotments on Monroe Mountain.[1] Plaintiff Western Watersheds Project ("WWP") alleges in its third cause of action that USFS's reversal of certain suspensions and cancellations of grazing permits for the three allotments was arbitrary and capricious and reviewable under the APA.[2] USFS moves to dismiss WWP's third cause of action ("Motion").[3] WWP opposes the Motion.[4] After careful

---

[1] First Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint") ¶¶ 218–309 at 56–75, docket no. 20, filed June 5, 2020.

[2] Amended Complaint ¶¶ 273-285 at 68-70.

[3] Motion for Partial Dismissal of Plaintiff's Amended Complaint ("Motion"), docket no. 24, filed Jul. 10, 2020.

[4] Plaintiff's Memorandum in Opposition to Defendant's Motion for Partial Dismissal ("Opposition"), docket no. 25, filed Aug. 7, 2020.

consideration of the pleadings, the parties' memoranda, and the relevant legal authority, USFS's Motion is GRANTED.

## BACKGROUND[5]

The Kingston, Forshea, and Manning Creek grazing allotments (the "Allotments") at issue in this action are located on Monroe Mountain in the Richfield Ranger District in south-central Utah.[6] On September 28, 2007, USFS authorized cattle grazing on the Allotments and issued permits to certain individuals ("Permits").[7] On June 7, 2013, District Ranger Jason Kling ("Kling") gave the permit holders of the Allotments (the "Permittees") Notice of Non-Compliance ("NONC") letters for violating Permit conditions.[8] After a second NONC was given to the Permittees and an in-person meeting held in July 2013, the Permittees were issued 50% Permit suspension letters on September 26, 2013, followed by 50% Permit cancellation letters on November 1, 2013 for continuing non-compliance between the July 15 through September 26 period and September 26 through November 1 period, respectively.[9] The Permittees appealed Kling's suspension and cancellation decisions on November 7, 2013.[10] On November 26, 2013, the Appeal Deciding Officer decided to set aside the normal appeal timelines to discuss the situation further with the Permittees.[11]

Thereafter, over a period of three years, the Permittees continued to violate Permit terms, despite USFS's continued monitoring of the allotments and "me[eting] with the permittees

---

[5] This recitation of the facts takes the allegations in the Amended Complaint as true.

[6] Amended Complaint ¶¶ 1, 7 at 2, 4; Motion at 4.

[7] Amended Complaint ¶¶ 95, 170 at 28, 45; Motion at 4-5.

[8] U.S. Forest Service Fishlake NF – Richfield RD, Briefing Paper, May 16, 2016, at 1, docket no. 25-1, filed Aug. 7, 2020 ("USFS Non-Compliance Summary").

[9] USFS Non-Compliance Summary, at 1.

[10] *Id.*

[11] *Id.*

several times throughout the field season."[12] New permits were issued to the Permittees in 2018.[13] On June 10, 2019, District Ranger Michael Elson ("Elson") sent letters to the Permittees notifying them of his decision to rescind the original suspension and cancellation actions issued by Kling in 2013 and closure of the record for the appeals.[14] On November 20, 2019, WWP filed this lawsuit against USFS.

## DISCUSSION

WWP's third cause of action seeks judicial review under the APA of USFS's alleged failure to follow agency appeal regulations when Elson rescinded Kling's 2013 suspension and cancellation of the Permits.[15] USFS's Motion argues that: (1) WWP lacks standing to assert its third cause of action because WWP was a non-party to the agency appeal process; and (2) this court lacks jurisdiction over the third cause of action because grazing permit decisions are enforcement decisions committed to agency discretion and are therefore unreviewable.[16]

Because grazing permit decisions are committed to agency discretion and are unreviewable under the APA, USFS's Motion will be granted. The question of WWP's constitutional standing for its third cause of action need not be addressed.

---

[12] *Id.* at 1–3.

[13] Opposition, Exhibit 16, CRF 214 Appeal Decision for Appeal Filed by Stanton Gleave, docket no. 25-16, filed Aug. 7, 2020.

[14] Opposition, Exhibit 13, Letter to Keith Anderton, docket no. 25-13, filed Aug. 7, 2020; Opposition, Exhibit 14, Letter to Stanton Gleave, docket no. 25-14, filed Aug. 7, 2020; Opposition, Exhibit 15, Letter to Waylon Gleave, docket no. 25-15, filed Aug. 7, 2020.

[15] Amended Complaint ¶¶ 273–285, at 68–70.

[16] Motion at 2.

### Grazing permit decisions, including appeals of such decisions, are discretionary and therefore unreviewable under the APA.

Judicial review of agency decisions is prohibited under the APA if: "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."[17] "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."[18] An agency's discretion is often considered unsuitable for judicial review because enforcement decisions involve "a complicated balancing of a number of factors which are peculiarly within [an agency's] expertise,"[19] including deciding "whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and . . . whether the agency has enough resources to undertake the action at all."[20]

USFS argues that grazing permit decisions are enforcement decisions and that its "decision to take or refuse to take an enforcement action"[21] is "committed to agency discretion by law."[22]

In response, WWP clarifies that its third cause of action challenges the decision of Elson to reverse Kling's suspension and cancellation actions against the Permittees, rather than the USFS's failure to "exercise its discretionary enforcement authority."[23] This alleged distinction

---

[17] 5 U.S.C. § 701(a).

[18] *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

[19] *Id.*

[20] *Id.*

[21] Motion at 10.

[22] 5 U.S.C. § 701(a)(2).

[23] Opposition, at 1.

does not exist. Elson's decision to reverse the actions against the Permittees was an exercise of enforcement authority.

The Tenth Circuit has ruled that "the issuance or non-issuance of grazing permits is wholly within the discretion of the Secretary."[24] Grazing decisions, whether made under the Granger-Thye Act, which governs grazing decisions by USFS,[25] or the Taylor Grazing Act, which governs grazing decisions by the Bureau of Land Management, are committed to agency discretion.[26] This includes the entire spectrum of grazing permit issuance decisions, including appeals and a "decision not to prosecute or enforce."[27] Such grazing enforcement decisions are complicated and USFS has the requisite agency expertise to handle them.

Because WWP's third cause of action attacks Elson's decision to reverse Kling's 2013 suspension and cancellation decisions, and those decisions are committed to USFS's discretion, WWP's third cause of action is unreviewable under the APA and USFS's Motion for Partial Dismissal of Plaintiff's Amended Complaint[28] is granted.

However, because USFS's Motion is granted on the grounds that this court lacks jurisdiction to hear WWP's third cause of action, WWP's third cause of action is dismissed without prejudice.[29] "[D]ismissals for lack of jurisdiction [are] without prejudice because the

---

[24] *Bischoff v. Glickman*, 54 F. Supp. 2d 1226, 1230 (D. Wyo. 1999), *aff'd sub nom. Bischoff v. Myers*, 216 F.3d 1086 (10th Cir. 2000).

[25] *McKeen v. U.S. Forest Serv.*, 615 F.3d 1244, 1246–7 (10th Cir. 2010).

[26] *Bischoff*, 54 F. Supp. 2d at 1229–30.

[27] *Heckler*, 470 U.S. at 831.

[28] Docket no. 24, filed Jul. 10, 2020.

[29] USFS requests dismissal with prejudice, *see* Motion at 11, and WWP requests dismissal without prejudice if the Motion is granted, *see* Opposition at 22. The Tenth Circuit has made it clear that dismissals for lack of jurisdiction must be without prejudice. See *Brereton v. Bountiful City Corp.*, 434 F.3d 1213 (10th Cir. 2006).

court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."[30]

## ORDER

IT IS HEREBY ORDERED that USFS's Motion for Partial Dismissal of Plaintiff's Amended Complaint[31] is GRANTED. Plaintiff's third cause of action is dismissed without prejudice.

In compliance with local rule DUCivR 7-4(a)(4), USFS shall file a short and plain statement either denying or admitting the remaining causes of action in WWP's Amended Complaint[32] by June 18, 2021. Fourteen days thereafter, on July 2, 2021, the parties must submit a proposed scheduling order as outlined in DUCivR 7-4(a)(5).

Signed June 2, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[30] *Brereton*, 434 F.3d at 1218 (internal citations omitted).

[31] Docket no. 24, filed Jul. 10, 2020.

[32] *Id.*